The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OUTLOOK WEST I CONDOMINIUM
ASSOCIATION, a Washington nonprofit
corporation,

                       Plaintiff,

v.

RLI INSURANCE COMPANY, an Illinois
company,

                       Defendant.

NO. 2:21-cv-412

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS**

## I.      INTRODUCTION

This matter comes before the Court on a Motion to Dismiss filed by Defendant RLI

Insurance Company, ("RLI"), seeking dismissal of the complaint filed by Plaintiff Outlook West I

Condominium Association, ("Plaintiff"); in the alternative, RLI seeks dismissal of several claims

in the complaint. Plaintiff filed the complaint seeking coverage based on two insurance policies

issued in 2001 and 2002 by RLI to Plaintiff's unincorporated predecessor, Outlook West

Condominium Association ("OWCA"). RLI seeks dismissal on several grounds. First, it argues

that Plaintiff lacks standing, as the subject insurance policies were issued to OWCA, not to

Plaintiff. Second and in the alternative, RLI seeks dismissal of Plaintiff's claims under the 2002

policy, based on exclusion clauses in that policy. Third, RLI seeks dismissal of Plaintiff's

individual counts for bad faith, Consumer Protection Act violations, and declaratory relief,

ORDER RE: MOTION TO DISMISS

- 1

arguing both that Plaintiff lacks standing and that the claims lack merit substantively. Plaintiff

opposes the motion, and includes a Rule 11 motion embedded within its opposition.

The Court summarily strikes Plaintiff's purported Rule 11 motion as procedurally

improper, violating both the requirement that motions be brought separately (and not, as here,

within an opposition brief) and the requirement that Rule 11 motions be served on the opposing

party 21 days before being filed. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made

separately from any other motion and . . . must not be filed or be presented to the court if the

challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected

within 21 days after service."). In addition, as set forth below, the Court grants in part and denies

in part RLI's Motion to Dismiss.

## II.     BACKGROUND

Plaintiff brought this lawsuit seeking coverage under two policies issued by RLI: (1)

Inland Marine Policy no. IMF0037096, in effect from January 1, 2001 to January 1, 2002 ("2001

Policy"); and (2) Inland Marine Policy no. RDC0300106, in effect from January 1, 2002 to

January 1, 2003 ("2002 Policy"). *See* Exs. 1 & 2 to Mot. to Dismiss, Dkt. No. 24. The policies

were for "Difference in Conditions" coverage, which provides "gap-filling" property insurance

for events, such as earthquake or flood, that may be excluded by an underlying "all-risk" property

insurance policy.

The named insured on both policies was "Outlook West Condominium Association,"[1]

which at that time was an unincorporated association, formed in 1990 for the purpose of

---

[1] Plaintiff alleges that "Outlook West I Condominium Association" (which included the Latin numeral "I") was the "true name" of the original association, but that the association went by several versions of its "fictitious name," which in the case of the two policies at issue, lacked the numeral "I".  Am. Compl., ¶ 2.1.a. This discrepancy does not appear to have any bearing on this motion.

ORDER RE: MOTION TO DISMISS

- 2

governing the condominium property known as "Outlook West," located at 4557– 45th S.W. in Seattle, Washington. Am. Compl., ¶¶ 2.1.b-d. Both policies contained "anti-assignment" provisions, stating that the insured "may not transfer [its] rights and duties under this policy without [RLI's] written consent" and "This policy will be void if assigned or transferred without [RLI's] written consent." *See* 2001 Policy at p. 2, ¶ 23; 2002 Policy at p. 9 of 10.

In 2009, the board of the unincorporated association OWCA filed with the Washington Secretary of State articles of incorporation for the "Outlook West I Condominium Association," converting the entity to a Washington nonprofit corporation. Am. Compl., ¶ 2.1.j. This corporation is the Plaintiff bringing this lawsuit.

In 2019, an architectural consultant discovered "hidden water damage" to Plaintiff's building, which "resulted from rainwater intrusion caused primarily by wind-driven rain" that "was able to penetrate the building envelope and result in damage due to inadequate construction (such as gaps, cracks, and voids)." Am. Compl., ¶ 4.2. Plaintiff claims that "[s]ome damage occurred during each of RLI's policy periods." *Id*., ¶ 4.6. It tendered claims to RLI under the policies, and after an investigation and what it claims was an unreasonable delay in coverage determination, Plaintiff filed this lawsuit on March 26, 2021. RLI denied Plaintiff's claims on April 16, 2021.

The Complaint seeks enforcement of coverage under the policies, and also includes claims under the Washington Consumer Protection Act ("CPA"), for bad faith denial of coverage, and for "declaratory relief."

///
///

ORDER RE: MOTION TO DISMISS

- 3

### III.   DISCUSSION

**A.  Standard on a Motion to Dismiss**

RLI first seeks dismissal of the complaint under Fed. R. Civ. P. 12(b)(1) for lack of Plaintiff's standing. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).

RLI moves in the alternative for dismissal of certain claims under Fed. R. Civ. P. 12(b)(6). Upon a motion by a defendant, dismissal is appropriate if the complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss under Rule 12(b), either for lack of standing or for failure to state a claim, the Court will accept all of plaintiff's plausible allegations as true and construe them in the light most favorable to the plaintiff. *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citations omitted).

**B.  Whether Plaintiff Has Standing to Sue for Coverage Under the Policies**

RLI seeks dismissal of the complaint in its entirety, arguing that the Plaintiff lacks

ORDER RE: MOTION TO DISMISS

- 4

standing to enforce any claims under the two insurance policies. RLI argues that Plaintiff is neither the named insured on the policies, which as noted above were issued to the unincorporated association OWCA, nor an intended third-party beneficiary. RLI also argues that the anti-assignment provisions in the policies bar any assignment of rights under the policies.

The Court concludes that Plaintiff has alleged enough facts that, if true, support a finding (1) that Plaintiff is the successor-in-interest to the unincorporated association, such that Plaintiff assumed the predecessor's rights and liabilities, including any that were existing under the policies; and (2) that the policies' anti-assignment provisions are not a bar to such assumption.

1. *Plaintiff's Allegations If True Support a Finding That It Is a Successor in Interest to OWCA*

While the general rule in Washington is that "a corporation purchasing the assets of another corporation does not become liable for the debts and liabilities of the selling corporation," exceptions to this rule include cases in which "the purchaser is a mere continuation of the seller." *Cambridge Townhomes, LLC v. Pacific Star Roofing, Inc*., 166 Wn.2d 475, 481-82 (2009) (citing *Hall v. Armstrong Cork, Inc.,* 103 Wn.2d 258, 261–62 (1984)). The Washington Supreme Court has held that this exception applies when the predecessor is a sole proprietorship as well, or presumably, an unincorporated association. *Id*. ("The particular form of the business entity should not be determinative.").

Indicia of a "mere continuation" include "a common identity between the officers, directors, and stockholders of the selling and purchasing companies," or more generally a "continuity of individuals in control of the business." The exception also applies not only when there is a sale of assets, but also "when an entity merely changes its entity status but continues in the same business, with the same clients." *Columbia State Bank v. Invicta L. Grp. PLLC*, 199 Wn.

ORDER RE: MOTION TO DISMISS

App. 306, 321 (2017). The purpose of the inquiry is to determine "whether the purchaser represents merely a 'new hat' for the seller." *Cambridge Townhomes*, 166 Wn.2d at 483 (citation omitted).

Here, Plaintiff has claimed that "[t]he Association as it exists today is still the same Association that contracted with RLI in 2001." Am. Compl., ¶ 5.2.a. In support of this claim, it alleges the incorporated entity "kept the same bylaws and the same legal name" as the association. *Id*., ¶ 5.2.b. The purpose of both entities was and is "to preserve, manage, maintain, and care for the Outlook West Condominium pursuant to the declaration filed in 1990," when the original association was formed. *Id*., ¶ 2.1.j. According to the long-time property manager, who was employed at the time of the 2009 incorporation, "nothing changed about the Association's operations. The Association continued the exact same operations in exactly the same way before and after the March 27, 2009 change of corporate status," and the two entities had the "same unit owners, officers and directors, bylaws, condominium building and property, condominium declaration, property manager, bank accounts, contracts, insurance policies, vendors, and files." R. Berg Decl., Dkt. 16 at ¶34. These allegations, if true, support a conclusion that the Plaintiff is the legal successor in interest to OWCA's rights and liabilities.[2]

RLI makes several strawman arguments that have little to do with the question of whether Plaintiff effectively assumed the predecessor association's assets and liabilities. For example, RLI argues that the unincorporated association "cease[d] to exist as such upon incorporation." Mot. to Dismiss at 8. This claim, if anything, supports a finding that the corporate entity is a "mere continuation" of the association and thus assumed the association's rights. *See, e.g., Butler v.*

---

[2] To be clear, the Court is not holding at this time that the Plaintiff *is* the successor in interest to the association; but that Plaintiff has alleged enough facts that, if true, support a finding that it is the successor in interest to the association.

ORDER RE: MOTION TO DISMISS

- 6

*Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1064 (N.D. Cal. 2007) ("[T]he 'mere continuation' doctrine also requires that the selling entity dissolve—because only one corporation may remain after the transaction."). RLI also argues that Plaintiff is impermissibly attempting to "pierce its own corporation veil," which is also immaterial to the issue of successor-in-interest assumption of liability. Mot. to Dismiss at 8. Clearly, as noted above, the law in Washington is that a corporation can under certain circumstances assume the rights and liabilities of its predecessor, though the two entities be legally distinct. Finally, the Court finds RLI's argument that property insurance does not run with the land totally inapposite. The cases RLI cites are not on point; they involve otherwise unrelated sellers and purchasers of real property, not predecessors- and successors-in-interest, a material distinction. Plaintiff is not claiming it is entitled to coverage because it purchased the condominium property, but because it is a successor in interest to the named insured. Whether the policies run with the land is not material to a successor-in-interest inquiry.

### 2. The Policies' Anti-Assignment Provisions Do Not Apply in These Circumstances

RLI also argues that even if facts support a finding that Plaintiff acquired rights under the policies, a provision in each policy voids the policy if assigned without RLI's consent. As outlined above, both policies contain a provision requiring RLI's consent for any assignment, and it is undisputed that such consent was never sought or received.

However, Washington law holds that anti-assignment clauses apply to prohibit only an assignment before a loss, not one effected after a loss. *Public Utility Dist. No. 1 of Klickitat Cty. v. Intern'l Ins. Co.,* 124 Wn.2d 789, 801 (1994) ("[T]he great weight of authority supports the rule that general stipulations in policies prohibiting assignments thereof except with the consent of the insurer apply to assignments before loss only, and do not prevent an assignment after loss[.]"). As

ORDER RE: MOTION TO DISMISS

- 7

the Washington Supreme Court explained, "[t]he purpose of a no-assignment clause in an

insurance contract is to protect the insurer from increased liability. After the events giving rise to

the insurer's liability have occurred, the insurer's risk cannot be increased by a change in the

insured's identity." *PUD No. 1*, 124 Wn.2d at 881; *see also B.S.B. Diversified Co. v. Am.*

*Motorists Ins. Co.*, 947 F. Supp. 1476, 1479 (W.D. Wa. 1996) ("Washington law recognizes an

assignment of coverage for an event or activities preceding assignment."). Here, Plaintiff has

alleged that "events giving rise" to the insurer's purported liability occurred over the course of

many years, including in 2001 and 2002. Am. Compl., ¶ 4.6. Plaintiff further alleges that its

change of identity took place in 2009. *Id.*, ¶ 2.1.j. If true, these facts support the conclusion that

the unincorporated association's rights under the two policies were assumed by the new

corporation, and the Policies' anti-assignment clauses do not apply. RLI's motion to dismiss for

lack of standing is denied.

### C.  Whether Exclusions in 2002-03 Policy Bar Coverage

RLI moves in the alternative for dismissal of individual claims in the complaint. First, RLI

seeks dismissal of claims for coverage under the 2002 Policy based on two exclusions in that

policy: (1) for "loss or damage caused by ... water;" and independently, (2) for "loss or damage

caused by . . . [f]aulty, inadequate or defective. . . construction." 2002 Policy, p. 2-3, ¶¶ 5.B., 5.U.

These exclusions apply whether the excluded risk "directly or solely results in loss or damage or

initiates a sequence of events that results in loss or damage, regardless of the nature of any

intermediate or final event in that sequence." *Id.* at p. 2, ¶ 5. As noted, Plaintiff's claim is for

"water damage" caused when "[r]ain and/or wind-driven rain struck the decks and exterior walls

and was able to penetrate the building envelope and result in damage due to inadequate

construction (such as gaps, cracks, and voids)." Am. Comp., ¶ 4.2. Therefore, RLI contends,

ORDER RE: MOTION TO DISMISS

1   based on either exclusion—*i.e.* whether the damage was caused by water, or by faulty

2   construction (or both)—claims for any coverage under the 2002 Policy must be dismissed.

3          In response, Plaintiff notes that "ambiguity is resolved in favor of the policyholder, and

4   exclusionary clauses are construed strictly against the insurer." Pl.'s Opp. at 12 (citation omitted).

5   Seeking to establish such ambiguity, Plaintiff concedes that the 2002 Policy excludes damage

6   caused by "water," but argues that it does not exclude damage caused by "weather conditions."

7   Plaintiff argues that because the claimed damage was caused by "rain," which is a "weather

8   condition," the 2002 Policy provides coverage. Plaintiff attempts to bolster this argument by

9   noting that "water" and "weather conditions" are treated as distinct perils elsewhere in the

10  policies.

11         RLI aptly labels this argument a "sophistry." No ambiguity exists in the term "water," and

12  the Court will not read into the policy an ambiguity where none exists. Furthermore and equally

13  fatal, Plaintiff fails entirely to address RLI's independent grounds for dismissal of 2002 Policy

14  claims, that the damage was caused by "inadequate construction," a peril also explicitly excluded

15  under the 2002 Policy. Plaintiff's claims for coverage under the 2002 Policy are dismissed.

16         **D.  Claims for Washington Consumer Protection Act Violations and Bad Faith**

17         RLI also moves for dismissal of Plaintiff's CPA and bad faith claims, Counts Three and

18  Four, which seek damages for RLI's purportedly unreasonable handling of Plaintiff's coverage

19  claims. As RLI notes, in Washington, "[a] reasonable basis for denial of an insured's claim

20  constitutes a complete defense to any claim that the insurer acted in bad faith or in violation of the

21  Consumer Protection Act." *Siena del Lago Condo Assn. v. American Fire & Cas. Co.*, 639 F.

22  App'x 436, 437 (9th Cir. 2016) (quoting *Pleasant v. Regence Blue Shield*, 181 Wn. App. 252

23  (2014)). In support of its position that denial of coverage under the DIC policies had a reasonable

24  ORDER RE: MOTION TO DISMISS

25   - 9

1    basis, RLI notes that Plaintiff itself argued in a lawsuit against its primary insurer that the losses

2    are covered by the underlying all-risk property insurance. *See Outlook West I Condominium*

3    *Association v. Farmers Insurance Exchange*, King County Superior Court, Case No. 21-2-

4    04081-7 SEA, filed March 29, 2021, Ex. 3 to Mot. to Dismiss, ¶¶ 4.8, 4.10 ("Farmers' all-risk

5    policy covers damage caused by 'wind-driven rain, water intrusion, or continuous or repeated

6    seepage of leakage of water.'. . . . Farmers had a contractual duty to pay for the cost

7    of repairing this covered damage."). Perils covered by any other insurance—here, as Plaintiff has

8    argued, the Famers policy—are excluded under the two RLI policies, a fact Plaintiff does not

9    dispute. *See* 2001 Policy, p. 3 of 7, ¶ 7(A)(3) ("This policy does not insure against . . . perils as

10   defined and limited, under policies insuring against perils carried by the Insured under any other

11   more specific insurance arranged for and in the name of the Insured."); 2002 Policy Ex. 2, p. 3 of

12   10, ¶ 5(A)(4) ("We will not pay for loss or damage caused by . . . perils provided under

13   nonparticipatory policies you carry under any insurance arranged for and in your name."). While

14   Plaintiff is of course permitted to make arguments in the alternative, it may not now claim that

15   one of those positions is unreasonable. The reasonableness of RLI's position is a defense to the

16   CPA and bad faith claims, which must therefore be dismissed.

17          **E.  Claim for Declaratory Relief**

18          Finally, RLI moves for dismissal of Count I, Plaintiff's claim for "Declaratory Relief."

19   Plaintiff seeks a declaration from the Court on many of the substantive arguments it makes in

20   support of its coverage claims. *See* Am. Compl., ¶ 5.2 (seeking declaration, among other things,

21   that "[n]o exclusions, conditions, or limitations bar coverage."). RLI argues that the count is

22   redundant to other relief sought and actually seeks retrospective, not prospective, relief. Plaintiff

23   does not respond to RLI's request for dismissal of this count, which the Court agrees is a

24   ORDER RE: MOTION TO DISMISS

25    - 10

1  superfluity. It is therefore dismissed.

2                              IV.    **CONCLUSION**

3         For the foregoing reasons, the Court GRANTS in part and DENIES in part RLI's Motion

4  to Dismiss. Plaintiff's claims based on the 2002 Policy, and its CPA, bad faith, and declaratory

5  relief claims, are hereby DISMISSED.

6         DATED this 13th day of October, 2021.

7

8

9

10                                         Barbara Jacobs Rothstein
                                           U.S. District Court Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24  ORDER RE: MOTION TO DISMISS

25  - 11