The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OUTLOOK WEST I CONDOMINIUM ASSOCIATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>RLI INSURANCE COMPANY, an Illinois company,<br><br>Defendant. | NO. 2:21-cv-412<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY AND STRIKING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

Plaintiff Outlook West I Condominium Association brought this lawsuit against Defendant RLI Insurance Company, seeking coverage for water damage discovered in the Outlook West condominium building. Plaintiff tendered claims related to that damage to Farmers Insurance Exchange, its property insurer, and to Defendant, under "gap filling" difference-in-conditions policies. When both insurers denied coverage, Plaintiff filed suit against RLI in this Court, giving rise to the instant matter; and against Farmers in King County Superior Court (No. 21-2-04081-7 SEA). Trial in this case is scheduled to begin on September 19, 2022, and the discovery deadline is March 23, 2022. In the *Farmers* case, the trial date is June 27, 2022 and the discovery cutoff is May 9, 2022.

On February 11, 2022, Plaintiff filed this motion, seeking a stay of this matter pending resolution of its claims against Farmers. Plaintiff argues it needs a stay because requiring it to

ORDER GRANTING MOTION TO STAY
- 1

respond to Defendant's discovery requests would be "very prejudicial," as it would be forced to argue incompatible positions in the two cases simultaneously. RLI opposes Plaintiff's request for a stay, claiming Plaintiff has failed to produce or propound discovery and is asking for a stay only to avoid the imminent discovery deadline.

It appears to the Court that resolution of the case against Farmers has the potential to simplify, and perhaps even obviate the need for, the instant case. Although RLI objects to a stay, it has failed to claim that a stay would cause it any prejudice or even inconvenience. The Court acknowledges the potential for some unfairness that may result from imposing a stay while Defendant has outstanding discovery requests, Plaintiff apparently having flouted several of the rules of discovery by simply refusing to respond to requests. The Court concludes, however, that the benefits of staying of this matter—to both of the parties and to the Court—outweigh any unfairness it might cause. The remedy for the unfairness Defendant claims is not denying a stay; it is an order compelling discovery and awarding attorneys' fees, if appropriate. In the future, Plaintiff is advised that unexcused failure to comply with the rules and deadlines of discovery will expose it to sanctions from the Court.

In sum, the Court hereby GRANTS Plaintiff's Motion to Stay. This matter is stayed until either a verdict in *Outlook West v. Farmers*, or settlement of that case, whichever comes first. The parties shall meet and confer and, within 10 days of such event, submit a Joint Status Report advising the Court of the status of the *Farmers* case, the issues (if any) remaining in this case, and if this matter is to go forward, a joint proposed schedule, including all remaining discovery, pretrial and trial dates. Plaintiff's Motion for Protective Order is stricken as moot.

///

///

ORDER GRANTING MOTION TO STAY

- 2

DATED this 23rd day of February, 2022.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION TO STAY

- 3